**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

GRAY CASUALTY & SURETY COMPANY                    CIVIL ACTION

VERSUS                                            NO. 16-13441

DRS VETERAN ENTERPRISES, LLC, ET AL.              SECTION "B" (2)

<u>ORDER</u>

I.   **NATURE OF MOTION AND RELIEF SOUGHT**

Before the Court are Plaintiff Gray Casualty & Surety Company's ("Gray") "Motion to Remand to State Court and to Award Costs and Attorneys' Fees" (Rec. Doc. 5), ""Motion to Strike Affidavit of Defendant Ronald Hedrick" (Rec. Doc. 15), and Defendant Seubert & Associates' ("Seubert") "12(B)(6) Motion to Dismiss." (Rec. Doc. 7).

For the following reasons, **IT IS ORDERED** that Plaintiff Gray's "Motion to Remand to State Court and to Award Costs and Attorneys' Fees" (Rec. Doc. 5) is **DENIED IN PART and GRANTED IN PART. IT IS FURTHER ORDERED** that Plaintiff Gray's ""Motion to Strike Affidavit of Defendant Ronald Hedrick" (Rec. Doc. 15) and Defendant Seubert's "12(B)(6) Motion to Dismiss" (Rec. Doc. 7) be **DISMISSED AS MOOT.**

II.  **FACTS AND PROCEDURAL HISTORY**

Gray and Seubert entered into an Agency Agreement allowing Seubert to sell payment and performance bonds issued by Gray to contractors. (Rec. Doc. 1-1). Seubert solicited Gray to begin issuing bonds to DRS Veteran Enterprises, LLC ("DRS") for bids on

1

various construction projects. (Rec. Doc. 1-1). Before issuing the bonds, Gray sought a General Indemnity Agreement ("GIA") from DRS and its owners, (hereinafter "Indemnitors.") (Rec. Doc. 1-1). The Indemnitors, including Ronald Hedrick, executed the GIA on February 1, 2012. (Rec. Doc. 1-1). Following disputes about management of DRS, Hedrick left the company by June 2012. (Rec. Doc. 9).

 Gray did not receive the executed GIA until July 2012. (Rec. Doc. 1-1). After examining the GIA, Gray requested Seubert to procure a re-executed GIA from the Indemnitors because the notarial acknowledgement had been "whited-out" and witnesses to the execution of the agreement had not been dis-interested parties. (Rec. Doc. 1-1). Relying on Seubert's assurances that it could obtain a re-executed GIA, Gray began issuing bonds to DRS. (Rec. Doc. 1-1). Meanwhile, Gray requested Seubert five additional times between August and December of 2012 to procure a re-executed GIA. (Rec. Doc. 1-1). However, a re-executed GIA was never procured. (Rec. Doc. 1-1).

Both the GIA and the Agency Agreement contain forum selection clauses. Paragraph 19 of the Agency Agreement reads:

19. **Governing Law and Venue:** This agreement is governed by, and shall be interpreted in accordance with, the laws of the State of Louisiana. All of your duties and obligations under this Agreement are due payable, and performable in Jefferson Parish, Louisiana and venue for any suit, arbitration, mediation or any other form

of dispute resolution shall be in Jefferson Parish Louisiana. (Rec. Doc. 1-1).

The GIA's relevant provision reads:

21.  **Jurisdiction**: In any legal proceeding brought by or against Surety that in any way relates to this Agreement, each Indemnitor, for itself and its property, irrevocably and unconditionally submits to the exclusive jurisdiction, at the sole and exclusive option of the Surety, of any local, state, or federal court of competent jurisdiction and waives any claim or defense in any such action or proceeding based on any alleged lack of personal jurisdiction, improper venue, forum non conveniens or any lack of similar basis. The Indemnitors further waive personal service of any and all process. (Rec. Doc. 1-1).

On September 22, 2014, a sub-contractor filed suit against the successor to DRS, Preferred Builders Group. (Rec-Doc 1-1). The lawsuit alleged contractual damages against Gray for breach of certain bonds. (Rec. Doc. 1-1). At the conclusion of that litigation, Gray sought to recoup its losses on all bonds claiming that (1) Seubert violated the Agency Agreement in failing to procure a GIA from the Indemnitors and (2) Indemnitors were required to reimburse Gray pursuant to the GIA. (Rec. Doc. 1-1). Gray filed suit on June 8, 2016 in the 24th Judicial District for the Parish of Jefferson. (Rec. Doc. 1-1). This matter was then removed on the basis of diversity jurisdiction on July 29, 2016. (Rec. Doc. 1-1).

### III. CONTENTIONS OF MOVANT

Gray moves to remand on the basis that the forum selection clauses in the Agency Agreement and GIA waives Indemnitors and Seubert's right to remove to federal court. (Rec. Doc. 5) Gray contends the Indemnitors agreed to the terms of the GIA upon execution and that the contract expressly provides that any defective execution shall not affect the obligations of any other Indemnitor. (Rec. Doc. 5). Additionally, Gray notes that any modification or termination of the agreement required a written release from Gray. (Rec. Doc. 5). Thus, Gray contends the forum selection clauses and the underlying contracts are valid, constituting a waiver of removal rights. (Rec. Doc. 5).

### IV. CONTENTIONS OF OPPONENTS

Defendant Hedrick contends the GIA is an invalid contract and that his departure from DRS left him no notice of the forum selection clause. (Rec. Doc. 9). Hedrick claims the whited out marks and defective witnesses on the GIA resulted in an invalid contract. (Rec. Doc. 9). Further, Hedrick relies on Gray's request for a re-executed GIA as a rejection of the initial GIA. (Rec. Doc. 9). Hedrick claims Gray's own suspicions about the validity of the GIA support his contentions. (Rec. Doc. 9). Thus, Hedrick points to the invalidity of the GIA as the basis for finding no waiver of removal rights. (Rec. Doc. 9).

**V.   STANDARD OF LAW**

A district court must remand a case to state court if "at any time before final judgement it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. 1447(c); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 n.3 (5th Cir. 2007). The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removal statute is to be strictly construed. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). In order to determine whether jurisdiction is present, a court must "consider the claims in the state court petition as they existed at the time of removal." *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**VI.  DISCUSSION**

**A.   CONTRACT VALIDITY**

District courts "need not and should not conduct a full scale evidentiary hearing on questions of fact affecting the ultimate issues of substantive liability in a case in order to make a preliminary determination as to the existence of subject matter jurisdiction." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 204 (5th

Cir. 1983). Under Louisiana, a contract requires capacity, consent, object and lawful cause. *J. Caldarera & Co. v. Louisiana Stadium Exposition Dist.* 750 So.2d 284, 288 (La. App. 5th Cir. 1999). Defendant Hedrick contests the validity of the contract because he alleges never gave consent. (Rec. Doc. 5). However, Hedrick executed the GIA in February of 2012. (Rec. Doc. 1-1). Absent fraud, Hedrick is presumed to have had notice of the GIA's provisions. *Georgia-Pacific Corp. v. Haynes*, 432 So.2d 563, 565 (La. App. 1st Cir. 1973). Though Hedrick ended his relationship with DRS formally in June 2012, Gray did not request any party to submit a re-executed GIA until August. (Rec. Doc. 1-1). Since there was no indication of the contract's invalidity during Hedrick's tenure at DRS, he is presumed to have had notice of its terms.

### B.  WAIVER OF REMOVAL RIGHTS

A contractual forum selection clause can prevent a party from removing a case when the clause is a "clear and unequivocal" waiver for the right to remove. *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)(*citing McDermott Int'l, Inc. v. Lloyds Underwriters*, 944 F.2d 1199 (5th Cir. 1991)). A party waives its removal rights when the other party is allowed to choose venue or the clause exclusively establishes a venue. *Id.* Clauses reflecting a party's consent to jurisdiction, without more, does not validly waive the right to remove. *Id.*

This court found a contract clause reading "any and all claims...shall be heard and determined in the Twenty-Fourth Judicial District for the Parish of Jefferson...which court shall have exclusive jurisdiction and venue over such claims," as constituting a "clear and unequivocal" waiver of removal rights. *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of Louisiana, L.L.C.*, Case No. 09-6270, 2010 WL 1731204 at *3 (E.D. La. Apr. 28, 2010.) Here, the GIA establishes "exclusive jurisdiction, at the sole and exclusive option of the Surety." (Rec. Doc. 1-1). This provision in the GIA is a clear waiver of removal rights because it clearly "demonstrate[s] the parties' intent to make that jurisdiction exclusive" and the Indemnitors have allowed Gray to choose venue. *City of New Orleans*, 376 F.3d at 504. Thus, the GIA contains a clause waiving the Indemnitors' right of removal.

Since Gray has joined claims under two agreements (the GIA and the Agency Agreement), the forum selection clause contained in the Agency Agreement also merits analysis. *Jefferson Parish*, 2010 WL 1731204, at *2. The Agency Agreement forum selection clause reads, "venue for any suit...shall be in Jefferson Parish Louisiana." (Rec. Doc. 1-1). Clauses specifying a county and not "courts *of* that county" permit venue in either federal or state court so long as the court is located within that county. *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397,

400 (5th Cir. 2008)(emphasis in original) *citing Global Satellite Communication Co. v. Starmill U.K., Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). Since there is no federal courthouse in Jefferson Parish, the only proper *venue* according to the Agency Agreement is the state courts in Jefferson Parish. *Argyll Equities LLC v. Paolino*, 211 Fed.Appx. 317, 318(5th Cir. 2006)(per curiam)(noting that the United States District Court for the Western District of Texas encompassed, but was not located in the specified venue of Kendall County, Texas.)

The Fifth Circuit has also settled the relationship of such a clause to waiving removal rights. *Collin County v. Siemens Bus. Servs., Inc.*, 250 Fed.Appx. 45, 52 (5th Cir. 2007). In *Collin County v. Siemens Bus. Servs., Inc.*, the Fifth Circuit found that Siemens waived removal rights when the forum selection clause read, "venue for all actions...shall lie exclusively in Collin County, Texas." *Id.* at 46. The court reasoned "Collin County's lack of a federal courthouse renders the clause at issue such a waiver [of removal rights.] *Id.* at 52. Since Jefferson Parish lacks a federal courthouse, the venue provision constitutes a waiver of removal for Seubert.

Among the Indemnitors, Mr. Hedrick contends that he is not bound by the GIA and has not waived his right to remove. (Rec. Doc. 9). Hedrick and other Indemnitors executed the GIA in February 2012. (Rec. Doc. 1-1). Hedrick, by his own admission, had no

involvement with DRS after June 2012. (Rec. Doc. 9-1.) Since the clauses waiving removal are clear and unequivocal, substantive issues of contract validity and peremption are properly reserved for the state court.

### C. ATTORNEYS' FEES

Courts may award attorney fees under the removal statue "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Courts must evaluate the "objective merits" and determine "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Hedricks's grounds for removal was rooted in the validity of the underlying GIA. (Rec. Doc. 5). Given that the substantive issue of the GIA's validity remains to be resolved, Hedrick had an objective basis for removal and thus Plaintiff's requests for fees should be denied.

## VII. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Gray's "Motion to Remand to State Court and to Award Costs and Attorneys' Fees" (Rec. Doc. 5) is **DENIED IN PART and GRANTED IN PART. IT IS FURTHER ORDERED** that Plaintiff Gray's ""Motion to Strike Affidavit of Defendant Ronald Hedrick" (Rec. Doc. 15) and

Defendant Seubert's "12(B)(6) Motion to Dismiss" (Rec. Doc. 7) be **DISMISSED AS MOOT.**


New Orleans, Louisiana, this 20th day of October, 2016.


SENIOR UNITED STATES DISTRICT JUDGE